IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN MATTHEW BURLINGAME,
TRAVIS GRAY, ROGER MONHEAD,
GREGORY WHITTEN, and ARVID H.
KOVACIC, SR., on behalf of themselves
and all others similarly situated; and
JOIN, a non-profit organization,

      Plaintiffs,

  v.

CAROLYN COLVIN, Commissioner,
Social Security Administration,

      Defendant.

Case No. 3:14-cv-00473-BR

TEMPORARY RESTRAINING
ORDER

HERNÁNDEZ, District Judge:

  Plaintiffs receive benefits under the Social Security Act via a representative payee, Safety Net of Oregon. Defendant decertified Safety Net as a payee approximately February 22, 2014. Defendant notified beneficiaries who use Safety Net as a representative payee that no benefits

1 – TEMPORARY RESTRAINING ORDER

would be paid for the month of April, but that benefits should resume within 30 days.  Plaintiffs move for a temporary restraining order ("TRO") to prevent the suspension of benefits.

STANDARD

The standard for a TRO is "essentially identical" to the standard for a preliminary injunction.  Chandler v. Williams, No. CV 08-962-ST, 2010 U.S. Dist. LEXIS 89034, 2010 WL 3394675, at *1 (D. Or. Aug. 26, 2010) (citing Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co., 240 F.3d 832, 839 n7 (9th Cir. 2001)); see also Daritech, Inc. v. Ward, No. CV-11-570-BR, 2011 U.S. Dist. LEXIS 57105, 2011 WL 2150137, at * 1 (D. Or. May 26, 2011) (applying preliminary injunction standard to motion for TRO).

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008)).

Additionally, under Rule 65(b), a TRO may issue without notice to the opposing party or its attorney, only if the movant shows (1) through "specific facts in an affidavit or a verified complaint" that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[,]" and (2) that "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."  Fed. R. Civ. P. 65(b)(1).

Finally, a TRO may issue only if the movant "gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Fed. R. Civ. P. 65(c).

/ / /

2 – TEMPORARY RESTRAINING ORDER

DISCUSSION

Based on the verified complaint, the declarations filed in support of Plaintiffs' motion, and statements made during the hearing, I find that Plaintiffs are entitled to a TRO. Plaintiffs have shown they are likely to succeed on the merits based on statutes and regulations that direct Defendant to provide for payment of benefits to an alternative payee if a representative payee has misused funds. 42 U.S.C. §§ 405(j)(1)(A), 1383(a)(2)(A)(iii); 20 C.F.R. §§ 404.2050, 416.650. Plaintiffs have also demonstrated that the TRO is necessary to prevent the irreparable injury from the suspension of benefits. If benefits are suspended, Plaintiffs will be unable to pay for basic needs such as housing, food, medications, and transportation. The balance of the equities also favors Plaintiffs and it is in the public interest to continue providing benefits to Plaintiffs who depend on these funds every month.

Defendants are prohibited from suspending the payment of benefits to Plaintiffs from 4:00 p.m. on March 26, 2014 until 2:00 p.m. on April 8, 2014, the time of the hearing for Plaintiffs' motion for a preliminary injunction. Additionally, the security requirement of Rule 65(c) is waived because of Plaintiffs' vulnerable financial situations. This TRO should not prevent the parties from finding alternate solutions that would resolve the matter to Plaintiffs' satisfaction.

IT IS SO ORDERED.

DATED this 26th day of March, 2014

*/s/ Marco Hernández*
MARCO A. HERNÁNDEZ
United States District Judge

3 – TEMPORARY RESTRAINING ORDER